UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

RONALD SATISH EMRIT, Presidential )
Candidate Number P60005535, and )
PRESIDENTIAL COMMITTEE/POLITICAL )
ACTION COMMITTEE/SEPARATED )
SEGREGATED FUND (SSF) NUMBER )
C00569897, doing business as )
United Emrits of America, )
                                       **Plaintiffs,** )
                                       )
v. )    Case No. 25-CV-0016-CVE-MTS
                                       )
ELON MUSK, )
VIVEK RAMASWAMY, )
MIKE JOHNSON, Speaker of the House, and )
DEPARTMENT OF GOVERNMENT )
EFFICIENCY, )
                                       **Defendants.** )

## OPINION AND ORDER

Before the Court are plaintiff Ronald Satish Emrit's[1] pro se complaint (Dkt. # 2) and motion for leave to proceed in forma pauperis (Dkt. # 3). In reliance upon the representations and information set forth in plaintiff's motion to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the

---

[1] While the body of the complaint refers to Emrit as the only plaintiff, the complaint's caption refers to two plaintiffs, Emrit and "Presidential Committee/Political Action Committee/Separated Segregated Fund (SSF) Number C00569897 d/b/a United Emrits of America[.]" Dkt. # 2, at 1, 2. A pro se litigant cannot bring an action on behalf of an entity in federal court. See 28 U.S.C. § 1654; Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."). Therefore, the Court construes the complaint as raising claims on Emrit's behalf only.

full $350 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that authorization to proceed in forma pauperis only excuses prepayment of the filing fee). Because the Court authorizes plaintiff to proceed without prepayment, he is not required to pay the $55 administrative fee.

On January 13, 2025, plaintiff filed a complaint alleging defendants engaged in "tortious interference with business relations/contracts" and violated: the Civil Rights Act of 1964; the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments to the United States Constitution; the Privileges and Immunities Clause of Article IV; the right to privacy under the Fourth Amendment; freedom of association under the First Amendment; and the Americans with Disabilities Act of 1990. Dkt. # 2, at 1, 3, 4-6. Plaintiff alleges that defendants violated each federal provision "by trying to make one trillion dollars worth of budget reduction in the United States which would affect the lives of poor people of all races and ethnicities in the United States." Id. Plaintiff claims that this budget reduction "would affect the lives of African-Americans who received food stamps (EBT/SNAP benefits), SSI, SSDI, Section 8 housing vouchers, Temporary Assistance to Needy Families (TANF), Women Infants and Children Programs (WIC), and other programs subsidized by [the] federal government." Id. at 4. Further, plaintiff alleges that defendants "are trying to abolish the [United States] Department of Education which provides grants and loans for underprivileged Americans trying to get a college education." Id. Plaintiff claims that defendants Elon Musk and Vivek Ramaswamy are not elected officials, and, thus, "the American people did not give a mandate to either [of them] to destroy the lives of many Americans living in poverty whether that is in the trailer parks of the Appalachian mountains or in the ghettoes of the Bronx, Brooklyn, or South Central Los Angeles." Id.

Plaintiff states that he "is an indigent, disabled, and unemployed resident of . . . Florida and Maryland." Id. at 2. He alleges that Musk "owns SpaceX, Tesla, Twitter (X), and perhaps StarLink which provides internet service to Ukrainians." Id. Plaintiff claims that Ramaswamy owns a pharmaceutical company and has "a conflict of interest regarding the Department of G[o]vernment Efficiency [(DOGE)] and government contracting and sweetheart deals awarded to companies that he owns involving government contracting." Id. at 3. Plaintiff alleges that Speaker of the House Mike Johnson is from Louisiana and "is a racist, conservative Congressman that is trying to impact the lives of African-America[n]s who receive EBT/SNAP benefits, Medicare/Medicaid, Section 8 housing vouchers, etc." Id. Finally, plaintiff claims that DOGE is a "non-existent agency that is not authorized by Congress to be making decisions regarding the Office of Management and Budget (OMB) involving project 2025 policies." Id. While plaintiff does not expressly allege where Musk and Ramaswamy reside, plaintiff implies that at least one of them resides in Texas by asserting that complete diversity of citizenship exists "between [p]laintiff and the four defendants given that [] plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas." Id.

Plaintiff seeks relief in the form of $500 billion in damages, "a criminal referral" by one of three specified magistrate judges to the "[United States] Department of Justice . . . for attorney general of the United States . . . to file a criminal indictment and/or information against [] Musk for foreign election interference as a man from South Africa who paid Americans to vote[,]" and three injunctions. Id. at 6-7. These injunctions would require the United States attorneys in Eastern, Western, and/or Middle Louisiana to "file a criminal indictment and/or information against [] Musk for interfering with the American election as a foreign actor from South Africa who probably supports apartheid[,]" preclude DOGE "from affecting the [OMB] and/or from obstructing Congress

and legislation with tweets and/or policy recommendations[,]" and preclude "President Donald J. [T]rump . . . from creating [DOGE] without Senate Confirmation . . . ." Id. at 7. Additionally, plaintiff requests that certain magistrate judges (not in this judicial district) authorize the United States marshals to serve process on Musk, Ramaswamy, and Speaker Johnson. Id. at 2.

Plaintiff has obtained leave to proceed in forma pauperis, and the requirements of 28 U.S.C. § 1915 are applicable. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1311 (10th Cir. 2005). Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." A court reviewing a pro se plaintiff's complaint must broadly construe the complaint's allegations to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The court's generous construction of a pro se plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if [a] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atl. Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The court "will not supply additional factual allegations to round out

a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

Venue is not proper in this district, and plaintiff's action should be dismissed. See Scott v. Texas, No. 24-5124, 2025 WL 15623, *1-2 (10th Cir. Jan. 2, 2025) (unpublished)[2] (explaining that Trujillo v. Williams, 465 F.3d 1210, 1216-17 (10th Cir. 2006), "holds that as part of the screening process set out in the statutory [in forma pauperis] provision, 28 U.S.C. § 1915(e), district courts can consider the issue of venue sua sponte" and affirming the district court's dismissal for improper venue) (emphasis added). The Tenth Circuit has stated that, "[i]n the context of affirmative defenses . . . sua sponte dismissal on such grounds should be 'reserved for those extraordinary instances when the claim's factual backdrop clearly beckons the defense[,]'" and that "[t]he same caution applies to sua sponte dismissals for lack of personal jurisdiction and improper venue." Trujillo, 465 F.3d at 1217 (quoting Fratus v. DeLand, 49 F.3d 673, 676 (10th Cir. 1995)). Under § 1915, a "district court may consider personal jurisdiction and venue sua sponte 'only when the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" Id. (quoting Fratus, 49 F.3d at 674-75). Section 1915 dismissal is appropriate only "if 'it is clear that the plaintiff can allege no set of facts to support personal jurisdiction or venue.'" Id. (quoting Sanders v. United States, 760 F.2d 869, 871 (8th Cir. 1985)) (alterations in original quote omitted).

Plaintiff states that "[v]enue in this jurisdiction is [] proper pursuant to 28 U.S.C.A. Sections 1391 and 1400." Dkt. # 2, at 4. Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[2] This unpublished opinion is not precedential, but may be cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

>(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>(3) if there is no district in which an action may otherwise by brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Liberally construing plaintiff's complaint, the Court finds that venue is clearly inappropriate in the Northern District of Oklahoma. Section 1391(b)(1)'s requirements are not met as plaintiff alleges that Speaker Johnson resides in Louisiana and implies another defendant resides in Texas. Dkt. # 2, at 3. Section 1391(b)(2)'s requirements are not met because plaintiff does not allege that any of the events giving rise to his claims occurred in this district. Additionally, 28 U.S.C. § 1400 governs venue in civil actions arising out of copyrights or exclusive rights in mask works or design or patent infringement and, thus, does not render venue proper in the Northern District.

As this district is an improper venue for plaintiff's action, the Court may dismiss plaintiff's action or transfer it to a different venue if the transfer is in the interest of justice. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The Court finds that transferring plaintiff's action to another district would not serve the interests of justice. Plaintiff filed this complaint, which is likely frivolous,[3] in an obviously improper venue, and plaintiff has a history of filing frivolous suits

---

[3]   See, e.g., PRESIDENTIAL CANDIDATE NUMBER P60005535 v. Musk, No. CIV-25-0022-JD, 2025 WL 84988 (W.D. Okla. Jan. 13, 2025) (dismissing a similar complaint filed by plaintiff pursuant to under § 1915(e) because the complaint was frivolous and failed to state a claim).

in federal courts.[4]  Further, the Court finds that plaintiff is unlikely to suffer any injustice from this dismissal.  See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (recognizing the loss of "a substantial part of [plaintiff's] cause of action under the statute of limitations" as a "typical example of the problem [Congress] sought to [avoid]" in enacting § 1406).  Plaintiff has a similar action pending in another federal district court.  See Emrit v. Musk, No. 1:25-CV-00015-KK, 2025 WL 89293 (D.N.M. Jan. 14, 2025) (granting plaintiff's application to proceed in forma pauperis and ordering plaintiff to show cause "why the [c]ourt should not dismiss or transfer this case" and to file an amended complaint).  Further, plaintiff's limited factual allegations do not provide the Court with sufficient information to transfer the action to another district in which venue would be proper.  Therefore, plaintiff's complaint should be dismissed without prejudice pursuant to § 1406(a) and § 1915(e).

---

[4]  Plaintiff has filed numerous frivolous lawsuits in federal district courts across the country. See, e.g., Emrit v. Grammy Awards on CBS, No. 24-1056, 2024 WL 3839813, *1 n.2 (10th Cir. Aug. 16, 2024) (noting that federal courts have dismissed all of plaintiff's 19 lawsuits against the Grammys since 2023 as "frivolous, malicious[,] or for failure to state a claim"); Emrit v. Combs, No. 24-CV-0110-CVE-JFJ, 2024 WL 1199014 (N.D. Okla. Mar. 20, 2024) (dismissing plaintiff's complaint for improper venue); Emrit v. Jules, No. 23-CV-0278-CVE-MTS, 2023 WL 4477242 (N.D. Okla. July 11, 2023) (dismissing plaintiff's complaint for improper venue); Emrit v. Universal Music Grp., No. 3:19-CV-05984-BHS, 2019 WL 6251365, *2 (W.D. Wash. Nov. 3, 2019) ("Plaintiff has been acknowledged as a vexatious litigator in at least six district courts.").  The Court advises plaintiff that continuing to file frivolous suits in this district may result in the Court imposing filing restrictions on him.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed without prejudice**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 3) is **granted**.

**DATED** this 16th day of January, 2025.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE